UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HENRY SHERMAN,                             :

          Plaintiff,                  :

    v.                                          :   05 Civ. _____

JOLEE CONSOLIDATORS INC.,                  :
AVON PRODUCTS, INC., JOHN
NASTRO and ANDREA JUNG,                    :

          Defendants.                 :
-----------------------------------------------------------X

**JUDGE LYNCH**

**05 CV 7925**

RECEIVED
SEP 12 2005
U.S.D.C. S.D. N.Y.
CASHIERS

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), defendants Avon Products, Inc. ("Avon") and Andrea Jung, by their attorneys, Vedder, Price, Kaufman & Kammholz, P.C., and defendants Jolee Consolidators Inc. ("Jolee") and John Nastro, by their attorneys Wilson, Elser, Moskowitz, Edelman & Dicker, hereby file this Notice of Removal of this action currently pending in the Supreme Court of the State of New York, County of New York, and in support thereof, show the Court as follows:

    1. Defendants desire to exercise their statutory right under the provisions of Title 28 U.S.C. §§ 1441-1452 to remove this action from the Supreme Court of the State of New York, County of New York, in which said cause is now pending under the name and style "Henry Sherman v. Jolee Consolidators Inc., Avon Products, Inc., John Nastro and Andrea Jung," Index No.: 05-602461.

    2. On the 12th day of August, 2005, Avon first received a copy of the Summons and Complaint in the action described in paragraph 1, above. Pursuant to the provisions of 28 U.S.C. § 1446, defendants incorporate herein by reference said Summons and Complaint, a copy of which is annexed hereto as Exhibit A. No further proceedings have been had in this action.

NEWYORK/#152621.1

3. This is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction in that this action arises under the laws of the United States as provided in 28 U.S.C. § 1331. Accordingly, under the provisions of 28 U.S.C. §§ 1441-1452, the right exists to remove this cause from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, which embraces the place where this action is pending. 28 U.S.C. § 112(a).

4. In the complaint, plaintiff Henry Sherman ("plaintiff") seeks damages based upon alleged violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (as well as of the New York State Labor Law). Thus, plaintiff's action expressly alleges a controversy arising out of the statutes and laws of the United States, and is therefore properly removable to this Court.

5. Based on the foregoing, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and, thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(b). Because plaintiff's state claims are so closely related to plaintiff's federal claims that they form part of the same case and controversy, and arise out of the same set of operative facts, the Court can properly exercise jurisdiction over the non-federal claims as well under 28 U.S.C. § 1367(a).

6. The date on or before which Avon and Jung are required by the laws of the State of New York to answer or otherwise respond to plaintiff's complaint has not lapsed.[1] The Summons and Complaint herein were received by Avon and Jung no earlier than August 12, 2005. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is

---

[1] Defendants' Jolee and Nastro were served on or about July 19, 2005. However, their time to answer also has not lapsed because plaintiff has consented to extend the time for all of the defendants to answer until September 15, 2005.

filed within 30 days after the receipt of a copy of the Summons and Complaint by Avon and Jung.[2]

7. Defendants desire and are entitled to have this cause removed from the Supreme Court of New York, County of New York, to the United States District Court for the Southern District of New York, such being the district where said suit is pending, on the condition that defendants will pay all costs and disbursements incurred by reason of these removal proceedings should it be determined that this cause was not removable or was improperly removed according to law.

8. Written notice of the filing of this Notice of Removal is being given to plaintiff as required by law. A true copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of New York, as required by law.

**WHEREFORE,** defendants respectfully give notice that the action now pending against it in the Supreme Court of the State of New York, County of New York, be removed therefrom to this Court and that this Court accept jurisdiction of this action, and henceforth that

---

[2] Removal proceedings were not instituted by Jolee and Nastro prior to this application pending joinder of all parties.

NEWYORK/#152621.1

this action be placed on the docket of this Court for further proceedings the same as though this action had originally been filed and instituted in this Court.

Dated:   September 12, 2005

                      Respectfully submitted,

                      VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.

                      By: _____
                           Neal I. Korval (NK 4710)
                           Jonathan A. Wexler (JW 5587)

                      805 Third Avenue – 23rd Floor
                      New York, New York  10022
                      (212) 407-7700

                      Attorneys for Defendants Avon Products, Inc.
                      and Andrea Jung

                      WILSON ELSER MOSKOWITZ EDELMAN &
                      DICKER LLP

                      By: _____
                           Lori Adelson (LA 0528)

                      150 East 42nd Street
                      New York, New York  10017
                      (212) 490-3000

                      Attorneys for Defendants Jolee Consolidators
                      Inc. and John Nastro

Case 1:05-cv-07925-GEL   Document 1   Filed 09/12/05   Page 5 of 10

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

------------------------------------x
HENRY SHERMAN,

                           Plaintiff,

-against-

JOLEE CONSOLIDATORS INC., AVON PRODUCTS,
INC., JOHN NASTRO and ANDREA JUNG,

                           Defendants.
------------------------------------x

**Summons**

Index No.: 05602461

Date Purchased: _____

The basis of venue designated is:
The principal office or residence
of defendant Avon Products, Inc.,
is in New York County

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's Attorney within TWENTY (20) days after personal service of this Summons upon you, exclusive of the day of service (or within THIRTY (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York). Upon your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint, together with the costs of this action.

Dated: July 6, 2005
       Bronx, New York

Yours, etc.

FREDERICK A. DOLBER
Attorney for the Plaintiff
4560 Henry Hudson Parkway
Bronx, New York 10471-3807
Tel: 718 548 3019

FILED JUL 07 2005 NEW YORK COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
----------------------------------------x
HENRY SHERMAN,

                         Plaintiff,

   -against-                                  **COMPLAINT**

JOLEE CONSOLIDATORS INC., AVON PRODUCTS,
INC., JOHN NASTRO and ANDREA JUNG,
                    Defendants.
----------------------------------------x

      Plaintiff, complaining of the Defendants, by his attorney FREDERICK A. DOLBER, alleges:

### FOR A FIRST CAUSE OF ACTION

FIRST: That all times hereinafter mentioned Plaintiff, above named, was and still is a resident of the County of Kings, State of New York, and has consented to the bringing of this action or proceeding.

SECOND: Upon information and belief, at all times hereinafter mentioned Defendant Jolee Consolidators Inc., hereinafter called Jolee, was and still is a domestic corporation organized and existing under the laws of the State of New York and maintains a principal place of business at 112 North 12th Street, Brooklyn, New York 11211.

THIRD: Upon information and belief, at all times hereinafter mentioned Avon Products, Inc., hereinafter called Avon, was and still is a domestic corporation organized and existing under the laws of the State of New York and maintains a principal place of business at 1345 Avenue of the Americas, New York, New York 10105.

FOURTH: Upon information and belief, at all times hereinafter mentioned Defendant John Nastro was the President and/or Chief Executive Officer of Defendant Jolee and responsible for the policies, procedures and the terms and conditions of employment of the employees of Jolee.

FIFTH: Upon information and belief, at all times hereinafter mentioned Defendant Andrea Jung was the President and/or Chief Executive Office of Defendant Avon and responsible for the operations, policies and employment of its sales representatives, officers, stores and locations of Avon and for the distribution and delivery of Avon products, merchandise, its literature, advertising material, sales catalogues and products and sales brochures to its said

sales representatives and agents and the terms and conditions and the policies and the procedures for the delivery of same and for the return of any Avon merchandise, including how, by whom and the consideration paid or given for such services.

SIXTH: Upon information and belief, at all times hereinafter mentioned defendant Avon employed, used and hired defendant Jolee as its agent to receive, store and collect the goods and merchandise of Avon in a warehouse or supply depot, to collect and prepare packages of same for shipment and to deliver same to its sales agents, representatives and its retail locations in the metropolitan area of New York City in the State of New York and to receive for it any and all returns of said Avon products and merchandise.

SEVENTH: Upon information and belief, at all times hereinafter mentioned defendant Jolee was the agent or agency for Avon in receiving goods and Avon merchandise, preparing its shipment of same to Avon's sales representatives and Avon's retail locations and for the return of Avon products and merchandise from Avon's sales representatives and retail locations to Avon and Avon prescribed and controlled the manner, the procedures and the conduct for the personnel of Jolee in performing said deliveries and returns as the agent of Avon.

EIGHTH: Upon information and belief, at all times hereinafter mentioned the activities of Defendant Jolee as aforesaid for Avon and those of the employees of Jolee were activities engaged in interstate commerce.

NINTH: Upon information and belief, at all times hereinafter mentioned the said activities of Jolee for Avon were performed within the State of New York.

TENTH: That said activities of Jolee for Avon were not subject to the jurisdiction of the United States Department of Transportation and its Secretary.

ELEVENTH: At all times hereinafter mentioned the Defendant Jolee employed Plaintiff in its business of receiving, storing, conveying and delivering goods and merchandise to the customers, sales representatives and agents of Avon in the metropolitan area of New York City in New York State.

TWELFTH: That defendant Jolee regularly employed the Plaintiff from about May 28, 2000 through about January 29, 2005

THIRTEENTH: That the Plaintiff's usual workweek for Jolee was a six day week of Monday through Saturday.

FOURTEENTH: That the Plaintiff's usual and regular workweek exceeded forty (40) hours in duration.

FIFTEENTH: That the Plaintiff's usual and regular workday exceeded eight (8) hours in duration.

SIXTEENTH: Upon information and belief at all times hereinbefore mentioned the Defendant Jolee's employment of the Plaintiff was subject to all of the laws of the United States, including the Fair Labor Standards Act of 1938 as amended (29 USC Sec. 201 et seq), and the United States statutes regulating employment in interstate commerce.

SEVENTEENTH: Upon information and belief that said laws of the United States, including the said Fair Labor Standards Act, required the defendants to compensate the Plaintiff for work which exceeded forty (40) hours in a week at a rate of one half more for each hour of work in excess of the first forty (40) hours of the week, hereinafter called overtime pay.

EIGHTEENTH: That the defendants never compensated the Plaintiff as required aforesaid and never provided him with any overtime pay in violation of the said laws of the United States as aforesaid.

NINETEENTH: That the said defendants failure to provide the Plaintiff with any overtime pay was willful and deliberate.

TWENTIETH: Upon information and belief, pursuant to the laws of the United States as aforealleged the Plaintiff is entitled to damages for the full amount of the unpaid overtime pay or the underpayment of compensation or wages and an additional sum equal to the unpaid overtime pay or that underpayment of compensation or wages and to reasonable counsel fees attendant to an action brought to recover said damages and the costs of such an action.

TWENTYFIRST: That because of the extent and duration of the deliberate and willful violations of said laws of the United States and their anti-societal nature, Plaintiff demands punitive or exemplary damages be levied against the Defendants.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in the sum of $250,000.00 (Two Hundred and Fifty Thousand Dollars) and the costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

TWENTYSECOND: Plaintiff repeats and realleges each and every allegation set forth in paragraphs First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eight, Ninth, Tenth, Eleventh,

Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth and Nineteenth as if fully set forth at length herein.

TWENTYTHIRD: Upon information and belief, pursuant to the provisions of the New York State Labor Law, including its Sec. 160, and the applicable Regulations including 12 NYCRR Sec. 142-2.2, the Plaintiff is entitled to damages in the amount of the underpayment of compensation or unpaid overtime pay, as aforealleged, and an additional sum equal to one-fourth of said unpaid overtime pay and to reasonable counsel fees attendant to an action brought to recover said damages and the costs of such an action.

TWENTYFOURTH: That because of the extent and duration of the deliberate and willful violations of said laws of the State of New York and their anti-societal nature, Plaintiff demands punitive or exemplary damages be levied against the Defendants

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in the sum of $100,000.00 (One Hundred Thousand Dollars) and the costs and disbursements of this action.

FREDERICK A. DOLBER
Attorney for Plaintiff
4560 Henry Hudson Parkway
Bronx, New York 10471
Tel: 718 548 3019