UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
HENRY SHERMAN          :
                       :
            Plaintiff, :
                       :         05 Civ. 7925 (GEL)
       -against-       :
                       :         **ORDER**
JOLEE CONSOLIDATORS INC., AVON :
PRODUCTS, INC., JOHN NASTRO,    :
and ANDREA JUNG                 :
                                :
            Defendants.         :
------------------------------------------------------x



GERARD E. LYNCH, District Judge:

The parties in the above-captioned matter first appeared before the Court for an initial conference on January 27, 2006. At that conference, the parties agreed to engage in a two-phase discovery process, with the first phase of discovery focused on two issues: (1) defendant Avon's relationship to the other parties in the litigation, and (2) the applicability of the motor carrier exemption to the Fair Labor Standards Act. Phase one discovery was to be completed by June 30, 2006.

On June 23, 2006, the parties appeared for a subsequent conference and informed the Court that phase one discovery was not completed, and would not be completed by the June 30, 2006, deadline. The parties represented that document discovery had been exchanged, but that various depositions remained outstanding. At the conference, the parties agreed that a deposition plaintiff noticed for June 30 would take place as scheduled. However, plaintiff stated that he required additional depositions of additional defense witnesses. In response to questioning by the Court, plaintiff responded that he needed to depose John Nastro and George Davis. Accordingly, the Court ordered that discovery be extended to July 31, 2006, that John Nastro be produced for a deposition on July 6, 2006, and that George Davis be produced for a deposition before the close of the discovery period. (Order, June 28, 2006.) Furthermore, the Court stated that no further extensions of the discovery period would be granted, and that any discovery dispute not raised in accordance with the Court's individual rules before the close of discovery would not be considered.

On July 3, plaintiff wrote to defendants Avon and Jung[1] requesting that they produce a knowledgeable witness concerning the relationship between Avon and Jolee and various other matters related to Avon's business. Defendants responded that Bruce Andrews, the "chief

---

[1] Defendants Jolee and Nastro take no position in the current dispute. Accordingly, as used in this order, "defendants" refers only to defendants Avon and Jung.

liaison between Avon and Jolee on behalf of Avon during the entirety of [plaintiff's] employment at Jolee," had already been produced to testify concerning "the vast majority" of the matters raised in plaintiff's letter, and that the remaining matters were beyond the scope of phase one discovery. (E-mail from Jonathan Wexler to Frederick Dolber, July 5, 2006.) On July 11, 2006, in response to defendants' refusal to produce an additional witness, plaintiff noticed the deposition of Andrea Jung for July 24, 2006. Defendants responded that "Andrea Jung has absolutely no knowledge of any facts that are relevant to this case," and accordingly refused to produce Jung for a deposition. (E-mail from Jonathan Wexler to Frederick Dolber, July 11, 2006.)

On July 19, 2006, the Court received a letter from plaintiff regarding defendants' refusal to produce Jung. Court staff informed plaintiff that, pursuant to the Court's individual rules and the Court's June 28 order, plaintiff's letter would not be considered because it was not a joint submission. On June 26 the Court received the parties' submission.

Plaintiff requests that the Court (1) order defendants to produce Jung, (2) impose sanctions against defendants, including the striking of their answer, a monetary penalty, and resolution of the issue of the relationship between Avon and Jolee in plaintiff's favor, (3) extend the discovery period, and (4) permit plaintiff to move for summary judgment based on certain New York wage regulations. Defendants respond that they are willing to produce a witness to testify to relevant topics not posed to Andrews, but that Jung is not that witness, and that plaintiff's notice listed topics that were either irrelevant or already addressed by Andrews. Defendants do not oppose plaintiff's request for permission to move for summary judgment, but assert that plaintiff's request for sanctions is without merit.

Discovery in this matter is closed, and the Court will not order the production of additional witnesses. At June 23 conference, the Court specifically asked plaintiff to identify the additional witnesses he needed to depose. Plaintiff named George Davis and John Nastro, not Jung. The Andrews deposition took place on June 19, four days before the June 23 conference, and any shortcomings regarding Andrews's testimony should have been raised at the conference. If an additional witness was necessary to fill gaps in Andrews's testimony, plaintiff should have included that witness among those named at the conference. He did not do so. In any event, Jung's responses to plaintiff's interrogatories demonstrate that Jung is "unfamiliar with the details" (Jung Interrog. 6) of the relationship between Avon and the companies used to deliver Avon products, because "those matters are delegated to others within Avon" (Jung Interrog. 7). Accordingly, the Court will not order that Jung be produced for a deposition, and there is no basis for the imposition of sanctions.

As for plaintiff's request for permission to move for summary judgment, such permission is not required. Parties may make any non-frivolous motion that the Federal Rules allow. Plaintiff may move or cross-move for summary judgment if he has a good faith basis for doing so.

2

Accordingly, it is hereby ordered that:

1. Discovery is closed; plaintiff's motion to extend the discovery period is denied.

2. Plaintiff's motion to compel defendant Jung to appear for a deposition is denied, as is plaintiff's request for sanctions.

3. The briefing schedule for defendants' motions for summary judgment set forth in the Court's order of June 28, 2006, shall be modified as follows:

    a. Defendants' motions shall be filed by September 15, 2006.

    b. Plaintiff's responses and any cross-motion(s) shall be filed by October 16, 2006.

    c. Defendants' responses to plaintiff's motion(s) (if any) and replies in support of their motions shall be filed by November 15, 2006.

    d. Plaintiff's reply papers (if any) shall be filed by November 29, 2006.

SO ORDERED.

Dated: New York, New York
August 2, 2006

GERARD E. LYNCH
United States District Judge

3